Leslie McCLURE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 10, 1961.

J. Albert Jones, Grimes, Boaz & Jones, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Leslie McClure, a thirty year old married man, was convicted and sentenced to fifteen years in the penitentiary for maliciously cutting with intent to kill seventeen year old Annie Louise Spears, a pregnant married woman. The cutting occurred at a dance hall about 2 a. m. in August, 1960, after McClure "had had a few beers." The maximum penalty is twenty-one years in the penitentiary. KRS 435.170.

McClure was the only witness presented by the defense and he explained his conduct by asserting that Mrs. Spears had thrown a bottle at him and attacked him with a jagged broken bottle, cutting him on the face and hands. Mrs. Spears testified that the trouble started when McClure "started feeling on me" when he joined a small group talking by a window. She said she slapped him, he called her bad names, hit her with his fist in the chest, and chased her behind the bar and cut her seven places with his knife after she had thrown an empty bottle at him. She denied cutting him. She was confirmed in her story by two male witnesses, one of whom testified "he (McClure) hit her (with the knife) not too many, but after that it was just a steady hitting her * * *. Everybody stood back begging him not to do it * * *."

Complaint is made by counsel about the introduction of the dress taken from Mrs. Spears at the hospital where she had been taken after the cutting. It was introduced for the purpose of showing the location and number of cuts inflicted by McClure. The dress had been in the possession of Mrs. Spears from the night of the cutting until the trial. There was no attempt by the prosecutor to dramatize the introduction of the dress for the purpose of inflaming the injury. The cuts in the back of the dress supported the prosecution witnesses that McClure chased Mrs. Spears and cut her as she was trying to escape. We do not believe the introduction of the dress was prejudicial because there was sufficient other evidence to support the charges.

Counsel for McClure on this appeal did not represent him at the trial. We have reviewed the record carefully in spite of serious doubt about the timeliness of the appeal, caused through no fault of present counsel, and find no prejudicial error in it. The trial court gave the usual instruction for the crime charged and also gave proper instructions on sudden affray and self-defense. The fact that the jury did not inflict the maximum penalty of twenty-one years indicates that it did not act through passion and prejudice despite the viciousness of McClure's conduct.

The judgment is affirmed.